**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**LOUIS AVINCOLA,**
                              **Plaintiff,**

              **v.**
                                         **No. 07 CV 127**
                                         **(TJM/DRH)**
**DR. EDWARD MARRA,**
                              **Defendant**

_____

**Thomas J. McAvoy,**
**Sr. U.S. District Judge**

## DECISION & ORDER

In this civil rights complaint, Plaintiff, an inmate in the custody of the New York Department of Correctional Services ("DOCS"), claims that Defendant, Dr. Edward Marra violated his Eighth Amendment rights by providing inadequate dental care. Plaintiff also raises a state negligence claim arising from the same treatment. By Memorandum Decision and Order dated March 7, 2009, the Court dismissed the negligence and state law claims. Presently before the Court is Defendant's motion for summary judgment, pursuant to Fed. R. Civ. P. 56., seeking dismissal of the remaining claims.

**I.  FACTS**

Plaintiff was an inmate at Great Meadow Correctional Facility ("GMCF") between 2001 and 2006. Plaintiff's Complaint concerns Defendant's extraction of Plaintiff's maxillary molar (tooth #15) on December 24, 2004 and the subsequent attempt to repair a small opening in

1

Plaintiff's upper palate. (Compl. ¶¶ 15, 19, 28, 31). Plaintiff claims that, on November 27, 2004, he was examined by Defendant because his tooth #15 and the surrounding area was irritated and Plaintiff had "gum line erosion, pain and bleeding." Compl. at ¶ 12.

In support of his motion for summary judgment, Defendant submitted an affidavit supported by 92 pages of medical record. In his affidavit, Defendant states that (1) he extracted Louis Avincola's tooth #15, a fully erupted second maxillary molar to eliminate further infection and pain that the patient had been experiencing since March 18, 1999 (Marra Aff. ¶ 4); (2) Plaintiff had a history of chronic periodontal infections which causes pain, swelling and the destruction of surrounding supporting structures (Marra Aff. ¶ 5); and (3) Plaintiff's "periodontally compromised tooth # 15 resulted from . . . a lack of appropriate oral concern throughout his life, as is reflected by the condition of his mouth." (Marra Aff. ¶ 5). Defendant states that Plaintiff had a history of infection and pain from tooth #15 since March 18, 1999, and he was treated by "three different dentists . . . for periodontal abscesses" on seven different occasions between 1999 and December of 2004. (Marra Aff. ¶¶ 4, 5).

Defendant maintains that on January 7, 2005, he recommended a minor surgical procedure to attempt to close the oral-antral communication. Plaintiff agreed to the procedure. (Marra Aff. ¶ 7). The procedure was performed on the same day. Defendant states that the procedure was successful in decreasing the size of the communication, but did not eliminate it. (Marra Aff. ¶ 8). Defendant states that this was revealed in the follow-up appointments of January 10 and January 14, 2005. Id. Defendant performed a second surgery on January 21, 2005, and saw Plaintiff again on January 24, 28, February 4, 9, 11, 16, 23, 25, and March 2, 2005. The surgeries and healing reduced the size of the oral-antral communication to 1 mm x 1 mm. Id. Dr. Marra states that although the small opening may

have closed by itself, he decided to obtain a second opinion by an oral surgeon. Id.  On March 8, 2005, Plaintiff was transferred to Coxsackie Correctional Facility to be evaluated by an oral surgeon, Dr. Kaskel. (Marra Aff. ¶ 9).

Plaintiff's first and third causes of action allege deliberate indifference to his dental needs. (Compl. ¶¶ 40, 42). Plaintiff alleges that Defendant demonstrated deliberate indifference because the extraction and the follow-up procedures were negligently performed. Plaintiff further claims that the surgery did not reduce the size of the cavity. (Compl. ¶¶ 21-24; Reply ¶ 15).  Plaintiff submitted the affidavit of Dr. Howard J. Kirschner, DDS in opposition to this motion for summary judgment.  Dr. Kirschner states "[i]t is my opinion, with reasonable dental certainty and probability, that Dr. Marra did negligently treat this patient, resulting in injury to this patient." (Kirschner Aff. page 9).

## II.    STANDARD OF REVIEW

Summary judgment may be granted when the moving party carries its burden of showing the absence of a genuine issue of material fact. Fed. R. Civ. P. 56; Thompson v. Gjivoje, 896 F.2d 716, 720 (2d Cir. 1990) (citations omitted). Ambiguities or inferences to be drawn from the facts must be viewed in the light most favorable to the party opposing the summary judgment motion. Id.  However, when the moving party has met its burden, the nonmoving party must do more than "simply show that there is some metaphysical doubt as to the material facts." Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 585-86 (1986); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

In meeting its burden, the party moving for summary judgment bears the initial responsibility of informing the Court of the basis for the motion and identifying the portions of the "'the pleadings, depositions, answers to interrogatories, and admissions on file, together

3

with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); See Fed. R. Civ. P. 56(c). Where the non-movant bears the burden of proof at trial, the moving party may show that he is entitled to summary judgment by either (1) pointing to evidence that negates the non-movant's claims or (2) identifying those portions of the non-movant's evidence that demonstrate the absence of a genuine issue of material fact. Salahuddin v. Goord, 467 F.3d 263, 272-73 (2d Cir. 2006) (citing Celotex Corp., 477 U.S. at 323).

## III. DISCUSSION

Plaintiff claims that Defendant acted with deliberate indifference to his dental needs. The Eighth Amendment explicitly prohibits the infliction of "cruel and unusual punishment." U.S. CONST. amend. VIII. "An inmate must rely on prison authorities to treat his medical needs; if the authorities fail to do so, those needs will not be met ." West v. Atkins, 487 U.S. 42, 54 (1988) (citing Estelle v. Gamble, 429 U.S. 97, 103 (1976)). "In light of this, the [Supreme] Court held that the State has a constitutional obligation, under the Eighth Amendment, to provide adequate medical care to those whom it has incarcerated." West, 487 U.S. at 54. This prohibition extends to the provision of medical care. Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994).

To establish an Eighth Amendment violation, a prisoner must prove that the Defendant acted with deliberate indifference to serious medical need. Estelle, 429 U.S. at 104; Chance v. Armstrong, 143 F.3d 698, 702 (2d Cir.1998). The test for an Eighth Amendment claim is twofold. First, the prisoner must show that the condition to which he was exposed was sufficiently serious. Farmer v. Brennan, 511 U.S. 825, 834 (1994). "Because society does not expect that prisoners will have unqualified access to healthcare, a prisoner must first

4

make [a] threshold showing of serious illness or injury" to state a cognizable claim. Smith v. Carpenter, 316 F.3d 178, 184 (2d Cir. 2003) (quoting Hudson v. McMillian, 503 U.S. 1, 9 (1992)). Second, Plaintiff must show that the prison official demonstrated deliberate indifference by having knowledge of the risk and failing to take measures to avoid the harm. Farmer v. Brennan, 511 U.S. 825, 834 (1994). "[P]rison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." Id. at 844.

### A. Whether Plaintiff's Condition Was Sufficiently Serious

Deliberate indifference to medical needs requires Plaintiff to satisfy an objective and a subjective component. Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir.1994). To satisfy the objective prong, the alleged deprivation must be "sufficiently serious." Wilson v. Seiter, 501 U.S. 294, 298 (1991). A serious medical condition is determined by considering "(1) whether a reasonable doctor or patient would perceive the medical need in question as 'important and worthy of comment or treatment,' (2) whether the medical condition significantly affects daily activities, and (3) the existence of chronic and substantial pain." Brock v. Wright, 315 F.3d 158, 162-63 (2d Cir. 2003) (citing Chance, 143 F.3d at 702. In Chance, the prisoner's unresolved dental condition, which caused him great pain, difficulty in eating, and deterioration of the health of his other teeth, was held to be sufficiently serious to meet the Estelle standard. See id. at 702, 703. Similarly, the court held that a tooth cavity is a serious medical condition, not because cavities are always painful or otherwise dangerous, but because a cavity that is not treated is likely to become so. See Harrison v. Barkley, 219 F.3d 132, 137 (2d Cir. 2000).

Plaintiff's abscessed tooth and the "oral-antrum communication" into Plaintiff's palate

5

caused by its extraction constitutes a serious injury because an unresolved dental condition such as this significantly affects daily activities and, if left untreated, could lead to other serious conditions. Chance, 143 F. 3d at 702.

### B. Whether Defendant Acted with Deliberate Indifference

The second inquiry is whether Defendant acted with deliberate indifference. Deliberate indifference to medical needs requires that Plaintiff satisfy a subjective component. Hathaway v. Coughlin, 37 F .3d 63, 66 (2d Cir.1994). "The required state of mind, equivalent to criminal recklessness, is that the official 'knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" Hemmings v. Gorczyk, 134 F.3d 104, 108 (2d Cir.1998) (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)).  Prison officials must be "intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." Estelle v. Gamble, 429 U.S. 97, 104 (1976). "Mere disagreement over proper treatment does not create a constitutional claim" as long as the treatment was adequate. Chance, 143 F.3d at 703. Thus, "disagreements over medications, diagnostic techniques (e.g., the need for X-rays), forms of treatment, or the need for specialists . . . are not adequate grounds for a section 1983 claim." Sonds v. St. Barnabas Hosp. Corr. Health Servs., 151 F. Supp. 2d 303, 312 (S.D.N.Y. 2001). A claim for deliberate indifference requires more than negligence. See Hernandez v. Keane, 341 F.3d 137, 144 (2d Cir. 2003).

It is clear from the record that Plaintiff had a history of dental problems, that Defendant pulled an abscessed tooth in response to Plaintiff's medical needs, and that Defendant continued to address Plaintiff's needs with multiple surgeries, medications, and referrals.

6

Moreover, Plaintiff was still being offered dental care through his filing of his Complaint. Plaintiff submits the affidavit of Dr. Kirschner, who claims that Defendant failed to treat Plaintiff in accordance with the applicable standard of care.  While this affidavit identifies potential deficiencies in Dr. Marra's treatment of Plaintiff's dental issues, it does not demonstrate that the Defendant disregarded a substantial risk of serious harm.  Plaintiff does not identify sufficient facts demonstrating that Defendant actually disregarded Plaintiff's dental condition.  Instead, the record demonstrates that  Defendant was not  "intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." Estelle v. Gamble, 429 U.S. 97, 104 (1976).  Because Plaintiff's allegations do not demonstrate deliberate indifference, he has not articulated a cognizable Eighth Amendment claim.

## IV.	CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgement is **GRANTED** and the Complaint is DISMISSED in its entirety.

**IT IS SO ORDERED.**

Dated: March 24, 2010

_Thomas J. McAvoy_
Thomas J. McAvoy
Senior, U.S. District Judge